UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-00449-MR

| DAKOTA REESE DAVIS, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| GARRY L. MCFADDEN, et al., | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint [Doc. 1] filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e) and 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 4, 8].

**I.  BACKGROUND**

Pro se Plaintiff Dakota Reese Davis ("Plaintiff") is a pretrial detainee currently held at Mecklenburg County Jail (the "Jail") in Charlotte, North Carolina. He filed this action on August 25, 2021 pursuant to 42 U.S.C. § 1983, claiming that his medical needs are not being properly addressed at the Jail in violation of his Eighth Amendment rights. [Doc. 1]. Plaintiff names Garry L. McFadden, identified as the Mecklenburg County Sheriff, and Wellpath Medical, which Plaintiff alleges is synonymous with "Mecklenburg County Jail Medical," as Defendants in this matter. [Id. at 1, 2]. He sues

these Defendants in their official capacities only. [Id. at 2]. Plaintiff alleges the following:

> I was brought into Mecklenburg County Jail on 2/28/20 and explained my medical problems that I am going through with physical pains and discomforts and heart and chest pain troubles and my stomach pain and discomfort troubles that the medical staff is NOT treating me for. I have been in constint [*sic*] pain and discomfort since my arrival 2/28/20 and my needs are not being met.

[Id. at 5]. Plaintiff does not allege any injuries other than the aforementioned pain and discomfort. [See id.].

For relief, Plaintiff seeks monetary damages. [Id.].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly

2

baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff here claims that he has been denied adequate medical care by Defendant Wellpath. [See Doc. 1 at 1, 2]. Plaintiff makes no allegations against Defendant McFadden, who Plaintiff sues in his official capacity only.

### A. Defendant McFadden

Suits against sheriffs in their official capacity are in substance claims against the office of the sheriff itself. Gannt v. Whitaker, 203 F.Supp.2d 503, 508 (M.D.N.C. Feb. 26, 2002). To succeed on such a claim, Plaintiff must allege that a Sheriff's Office policy or custom resulted in the violation of

federal law.  See Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037-38 (1978) (holding that in an official capacity suit, the entity's "policy or custom" must have played a part in the violation of federal law); Oklahoma City v. Tuttle, 471 U.S. 808, 818-20, 105 S. Ct. 2427, 2433-34 (1985) (discussing same).  Plaintiff makes no such claim here.  As such, Plaintiff has failed to state a claim against Defendant McFadden in his official capacity and Defendant McFadden will be dismissed as a Defendant in this matter.

### B. Defendant Wellpath Medical

As noted, Plaintiff alleges that Defendant Wellpath Medical is synonymous with or a part of the Mecklenburg County Jail.  Moreover, Plaintiff makes no allegations against individual healthcare providers, only that "medical staff" is not treating Plaintiff for his medical problems.  Plaintiff has failed to state a claim for relief based on his medical care.  A jail is not a "person" subject to suit under § 1983.  Brooks v. Pembroke Jail, 722 F.Supp. 1294, 1301 (E.D.N.C. 1989).  Moreover, even if the Jail were subject to § 1983 liability, Plaintiff has not stated a claim for relief under the Eighth Amendment.[1]  Plaintiff alleges only that he was not treated properly for

---

[1] Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). Because Plaintiff was a pretrial

4

certain unidentified medical conditions. He does not allege a specific serious medical need, nor does he allege that any prison official or employee evinced deliberate difference to any such need.[2] See Young, 238 F.3d at 575-76. The Court, therefore, will dismiss Defendant Wellpath Medical as a Defendant.

---

detainee at the relevant times, his deliberate indifference claims are properly brought under the Fourteenth Amendment, rather than the Eighth Amendment. See City of Revere v. Mass. Gen. Hosp., 463 U.S. 239 (1983); see also Martin v. Gentile, 849 F.2d 863 (4th Cir. 1988) (applying the Fourteenth Amendment to arrestee's deliberate indifference claims). However, the Fourth Circuit has long applied the Eighth Amendment deliberate indifference standard to pretrial detainees' deliberate indifference claims. See e.g., Young v. City of Mt. Rainer, 238 F.3d 567, 575 (4th Cir. 2001); Martin, 849 F.2d at 863. In Kingsley v. Hendrickson, the United States Supreme Court held that, to state an excessive force claim, a pretrial detainee must only show that the force "purposefully and knowingly used against him was objectively unreasonable" because, although prisoners may not be punished cruelly or unusually, pretrial detainees may not be punished at all. 576 U.S. 389 (2015). Some circuits have held, in light of Kingsley, that an objective reasonableness standard should apply in custodial contexts beyond excessive force. See e.g., Hardeman v. Curran, 933 F.3d 816 (7th Cir. 2019) (extending the objective standard to conditions of confinement cases): Darnell v. Pineiro, 849 F.3d 17, 35 (2d Cir. 2017) (same); Castro v. City of Los Angeles, 833 F.3d 1060, 1069-70 (9th Cir. 2016) (*en banc*) (extending the objective reasonableness standard to failure to protect claims). The Fourth Circuit has not yet addressed this question. See e.g. Duff v. Potter, 665 Fed. App'x 242, 244-45 (4th Cir. 2016) (applying the Kingsley standard to a detainee's excessive force claim but declining to disturb the district court's ruling on plaintiff's claim of deliberate indifference to a serious medical need for procedural reasons). The Court will apply the deliberate indifference standard in this case, as the relevant Fourth Circuit case law has not been overruled and the Fourth Circuit has not expressed any intention to do so. See e.g., Shover v. Chestnut, 798 Fed. App'x 760, 761-62 (4th Cir. 2020) (applying the deliberate indifference standard to a pretrial detainee's medical claim without discussing Kingsley).

[2] "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).

5

The Court, however, will allow Plaintiff to amend his Complaint to state a claim for relief, if the facts support such an amendment.

## V. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review. The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted against a proper defendant. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed without prejudice.

The Clerk is respectfully instructed to mail Plaintiff a blank prisoner § 1983 form.

**IT IS SO ORDERED**.

Signed: November 18, 2021

Martin Reidinger
Chief United States District Judge